**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| T-REX PROPERTY, AB,<br><br>Plaintiff,<br><br>v.<br><br>FAIRWAY OUTDOOR ADVERTISING, LLC,<br><br>Defendant. | Civil Action No: 4:15-cv-073-RC<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF T-REX PROPERTY, AB'S SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff T-Rex Property AB respectfully submits this sur-reply in response to Defendant Fairway Outdoor Advertising's Reply in support of its motion to dismiss. By glossing over key issues of law and fact, Fairway's memorandum repeatedly and starkly illustrates why this Court generally has considered it inappropriate to overlook genuine fact disputes, ignore claim construction issues, and invalidate patent claims through a motion to dismiss, without affording a plaintiff like T-Rex a fair and reasonable opportunity to develop the record and have its day in court. This Court should uphold the presumptive validity of the claims of T-Rex's U.S. Patent Nos. RE39,470 and 7,382,334; in the alternative, at the very least, the Court should deny this motion and allow the case to proceed in order to fully develop the numerous disputed issues.

## I. Claim 25 Is Not "Representative" of All 68 T-Rex Patent Claims.

First of all, despite being given the opportunity to address additional claims of the '470 and '334 Patents, including the system claims that explicitly set forth multiple elements of a complex, networked, physical system of displays, Fairway doubles down on insisting that all 68

claims of the two Patents-in-Suit should be invalidated by looking only at ’470 Patent claim 25.[1] Naturally, any defendant in a patent case would love to avoid liability for infringement by picking out what it presumably believes to be the weakest patent claim against it, and designating that claim as a “representative claim” to stand in for 67 other claims, which may be stronger. Unfortunately for Fairway, that is not the law generally, or as applied routinely in this Court.

Notably, the only opinion Fairway relies on, “*e.g.*,” for this misguided assertion is the Federal Circuit’s decision in *CyberFone Systems, LLC v. CNN Interactive Group, Inc*.[2] This decision of the appellate court is unpublished and nonprecedential, which means that under the Federal Circuit Rules, it was explicitly intended ***not*** to be cited as precedent in the fashion Fairway attempts to reply on it here.[3] Nor does *CyberFone* hold what Fairway suggests it does. The decision simply notes that the patent there “relates to methods and a system for capturing and storing data,” then states without any explanation that, “[c]laim 1 is representative of the asserted claims.”[4] Because it is an unpublished, nonprecedential decision, the Court does not explain whether that is something the parties stipulated to, or the patentholder conceded.[5] Neither is the case here, T-Rex vigorously denies that claim 25 of the ’470 Patent represents all 68 claims. Ironically, Fairway’s attempt to rely on *CyberFone*, without addressing precedent less favorable to it, echoes Fairway’s effort to invalidate all of T-Rex’s claims by discussing only claim 25, and demonstrates why the Court should look more carefully at the issues before it.

---

[1] For the avoidance of doubt, T-Rex is asserting claim 25 of the ’470 Patent, which Fairway correctly points out was specifically identified in T-Rex’s Amended Complaint.

[2] *See CyberFone Systems, LLC v. CNN Interactive Group, Inc.*558 Fed. Appx. 988 (Fed. Cir. 2014); Fairway’s Reply at 1-2.

[3] *See* Fed. Cir. R. 32.1.

[4] *See CyberFone*, 558 Fed. Appx. at 990.

[5] In contrast, in *Alice Corp. Pty. Ltd.. v. CLS Bank Int’l*, 134 S. Ct. 2347, 2353, n.2 (2014), the Supreme Court was careful to point out that, “[t]he parties agree that claim 33 of the ’479 patent is representative of the method claims” at issue there. The T-Rex patents include both method and systems claims, making it even more important to differentiate their respective elements.

The table on page 2 of Fairway's Reply hammers home this point. Fairway suggests that the Court can lump T-Rex's patent claims together by looking, for example, only at the green highlighted portions of claim 26 of the '470 Patent, to compare it to claim 25. More important is what Fairway urges the Court to ignore. System claim 26 adds "a computerized control center" with "a plurality of communication interfaces" "including [hardware and software] means for generating and dynamically updating" the exposure list, multiple "computerized device[s] situated each" location, and finally physical "means for displaying images" that are networked together with each of the computerized devices. Clearly claim 26 is not merely repeating the method of claim 25, as Fairway contends. In addition, claim 26 does not simply add "a generic computer," or tell the user to take the method of 25 and apply it using "a general purpose computer."[6] Rather this claim lays out a patentable physical ***combination*** of different devices networked together, which communicate to effectuate an improvement in digital signage.[7]

As T-Rex argued in its initial Response in Opposition to the motion to dismiss, that alone is a sufficient basis for this Court to determine affirmatively that T-Rex's patent claims are patent eligible because they satisfy the requirements of 35 U.S.C. § 101, as explained by the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*.[8] In the alternative, the motion to dismiss should be denied to allow the parties to develop a full record on this point.

## II. Fairway's Reliance on *OIP* and *Kroy* Does Not Support Dismissing this Case.

In its Reply, Fairway now focuses in particular on the Federal Circuit's recent decision in *OIP Technologies, Inc. v. Amazon.com, Inc*.[9] and this Court's memorandum and order in *Kroy*

---

[6] *See Gottschalk v. Benson*, 409 U.S. 63, 67 (1972).
[7] *See TQP Developments, LLC v. Intuit, Inc.*, No. 2:12-CV-180-WCB, Order, Feb. 19, 2014 (J.Bryson sitting by designation), Exhibit E to T-Rex's Response, at 9.
[8] *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*., 134 S. Ct. 2347 (2014).
[9] *See OIP Technologies, Inc. v. Amazon.com, Inc*., 788 F.3d 1359 (Fed. Cir. 2015).

*IP Holdings, LLC v. Safeway, Inc*.[10] Both opinions demonstrate why this case and T-Rex's patent claims are different and patent-eligible, compared to patent claims that have been invalidated.

First, Fairway breezily suggests, citing *OIP*, that all 68 claims T-Rex's '470 and '334 Patents generally "are of the same ilk as other overbroad claim that have been previously invalidated."[11] Again, Fairway refuses to look at the actual elements of T-Rex's claims, aside from its sweeping generalizations based on claim 25 of the '470 Patent. Without repeating T-Rex's discussion of this issue in its initial Response to this motion,[12] *OIP* is merely the latest in a the line of cases including, of course, *Alice* itself, wherein pure method claims in the financial realm purport to cover concepts that indisputably could have been performed in the prior art with a pencil and paper. In *Alice*, the challenged method claims related to a "scheme for mitigating 'settlement risk'";[13] in turn, *OIP* involved claims directed to, "a method of pricing a product for sale."[14] In a nutshell, the claimed *OIP* method involved testing prices, collecting statistics about how customers react, using the data to estimate outcomes, and selecting a new price based on predicted outcomes.[15] A kid with a clipboard in a store could practice this method just fine by changing price tags, writing notes on reactions to different prices, and deciding what would be the best price to use for the product going forward. Replacing a clipboard and pencil with a generic computer in this instance, to do the same thing, does not make the method patentable.

This Court's *Kroy* decision is consistent with, and elaborates on, this analysis. The patents in *Kroy* did include system claims that paralleled the method claims—method claim 19

---

[10] *See Kroy IP Holdings, LLC v. Safeway, Inc.*, 2015 U.S. Dist. LEXIS 69363 (E.D. Tex. May 29, 2015).
[11] Fairway's Reply at 4.
[12] *See* T-Rex Response at 9-12.
[13] *See Alice*, 134 S. Ct. at 2352.
[14] *See OIP*, 788 F.3d at *2-3 (page numbering in F.3d not yet available), reproducing claim 1 of the '713 Patent in issue in that case.
[15] *See id.* at *4.

required "providing a host computer," while system claim 19 included "a host computer."[16] Beyond that, however—unlike in our case—the system claim merely described a computer "program" and "code" to execute the method of claim 19. Following the logic of *OIP*, this Court ruled that, "[i]t is clear that each of the functions that the ’830 patent assigns to computers ***could be performed by a human being without the aid of a computer of any kind***."[17] In other words, this is another case of trying to patent what the kid with a clipboard and pencil could do. This Court has relied on this analysis in other recent cases too. In *Clear with Computers, LLC v. Altec Industries, Inc*., addressing claims that "relate to computer-implemented systems and methods for creating a sales proposal," the Court likewise concluded that, "[t]he steps performed by the claimed computer elements are functional in nature and could easily be performed by a human."[18] As a result, as in *Kroy* and *OIP*, the claims were invalidated under § 101.

The same cannot be said of T-Rex's patent claims at issue—principally with regard to the systems claims, which, as reiterated above, include a combination of distributed hardware devices, communications interfaces, and display screens. Notably, too, the "means for displaying images"[19] in the T-Rex invention refers to screens "presented at places accessible to and frequented by the general public,"[20] for purposes of advertising, for example. While this may be a matter for claim construction if Fairway disputes T-Rex's reading of the claim, these display means are not just the monitors of someone's desktop computer. In sum, as set forth in T-Rex's Response, the claims in issue here cover a "concrete thing, consisting of parts, or of certain

---

[16] *See Kroy* at 2.
[17] *Id.* at 29 (emphasis added).
[18] *See* C*lear with Computers, LLC v. Altec Indus.*, 2015 U.S. Dist. LEXIS 28816 (E.D. Tex. Mar. 3, 2015) at *12.
[19] ’470 Patent, claim 26, col. 18, line 24.
[20] *See, e.g.*, ’470 Patent and ’334 Patent Abstracts.

devices and combinations of devices,"[21] and effectuate "physical act[s] in this world."[22] The distributed, dynamic, real-time display system of T-Rex's '470 and '334 Patents is not something a kid previously could have done with a clipboard and a pencil.

**III. Fairway's Reply Misplaces the Burden of Proof on this Motion.**

Throughout its Reply, Fairway repeatedly attempts, improperly, to shift the burden of proof on its Rule 12(b)(6) motion to dismiss to the patentholder, seeking to further undermine T-Rex's right to due process and its day in court, especially given the early stage of the litigation at which Fairway seeks to invalidate all of T-Rex's patent claims. T-Rex pointed out, citing to the patents themselves, which is the only evidence in the record so far, that the claimed system was an important improvement over the prior art. The specifications amply describe the shortcomings in what was "conventional" at the time.[23] Fairway makes numerous factual arguments in its Reply, without any support, about what was generic and conventional at the time, outside of the evidence of record.[24] These are exactly the sort of fact issues that T-Rex explained would arise in this case, requiring discovery, experts, and a trial, or at the very least dispositive motion practice based on a fully developed record regarding such contested issues of material fact. Worse yet, finally ripping the sheep's clothing off the wolf, Fairway crosses over into arguing anticipation and obviousness in its Reply, instead of § 101: "Even viewing the system from the lens of 1996, T-Rex's claims were neither new nor novel." [25] In other words, in the guise of presenting a

---

[21] *See Digitech Image Techs. v. Electronics for Imaging, Inc.*, 758 F. 3d 1344, 1348-49 (Fed. Cir. 2014); *see also Westinghouse v. Boyden Power Brake Co.*, 170 S. Ct. 537, 556 (1898) ("A machine is a concrete thing, consisting of parts, or of certain devices and combinations of devices. The principle of a machine is properly defined to be its mode of operation….").
[22] *Rockstar Consortium US LP, Inc. v. Samsung Elecs. Co., Ltd.*, 2014 U.S. Dist. LEXIS 67097 (E.D. Tex. May 15, 2014); *see Freeny v. Murphy Oil Corp.*, 2015 U.S. Dist. LEXIS 6377.
[23] *See* T-Rex's Response at 14.
[24] *See* Fairway's Reply at 6.
[25] *See* Fairway's Reply at 6.

motion to dismiss argument about patent-eligibility, which it asks this Court to treat as a pure issue of law ripe for a decision without developing any record at all, what Fairway really wants is for the Court essentially to rule at the pleadings stage on prior art invalidity.

Similarly, Fairway purports to dismiss summarily the possibility that any claim construction issue could affect the outcome of the patent-eligibility question, and in the process again improperly shifts the burden of proof to T-Rex, the plaintiff and non-movant. In addition to overlooking all of the physical elements of the combination of distributed hardware in its chart on page 2, Fairway offers two pages of caselaw toward the end of its Reply about situations where it says courts ruled on § 101 without requiring claim construction. However, Fairway fails to explain how in any single instance the court involved reached that result, or how it could relate to this case.[26] Fairway's entire actual argument consists of three sentences, as follow:

> Construction of T-Rex's identified terms such as, "external information mediator," "mediators," "mediators of information," and "real time," will not affect the analysis of the claims under § 101. As stated in Fairway's opening brief, those terms are abstract and any construction of them will be similarly abstract. T-Rex fails to point to any specific construction that would affect the analysis here.

The burden of proof for a motion to dismiss resides with Fairway, not T-Rex. Using green highlighting to pretend elements are not part of a claim, or arbitrarily labeling individual claim elements "abstract," is not a legal argument. The two-step *Alice* framework addresses whether ***a claim*** is directed to an "abstract idea," not whether isolated terms within a claim are "abstract." Just as Fairway seeks to slip its prior art invalidity arguments into this motion, it also attempts to, in effect, obtain claim construction rulings while denying that claim construction is an issue.

Deciding what these terms mean, and the import of those meanings, is precisely what claim construction is all about. Of course other terms no doubt will come into play as well. T-Rex has touched on the meaning of "a means for displaying images" in '470 Patent claim 26, for

[26] *See Id.* at 8.

example, which the specification describes as, "a large picture screen in LCD technology, light-emitting diode technology (LED technology) or the like."[27] A physical, distributed system to dynamically update large-scale screens in real-time for displaying mediated information to public audiences is more than merely "a generic computer" running code to execute an algorithm, or perform a method, that could just as easily have been done by hand. That was Federal Circuit Judge Bryson's point, sitting in this District, in the *TQP* case. An invention such as that embodied in T-Rex's '470 and '334 Patents has "concrete and valuable effects in the field of electronic communications" that qualify under 35 U.S.C. § 101 for patent protection.[28]

**IV. Conclusion**

In closing its Reply, Fairway relies on this Court's decision in *Certified Measurement, LLC v. Centerpoint Energy Houston Electric LLC*,[29] which is indeed instructive on two of the key questions raised here. First, the Court stressed that, "the issue of patentable subject matter requires a legal analysis that can—and often does—'contain underlying factual issues."[30] Next this Court emphasized that, "[w]hile handling the issue of section 101 eligibility at the pleading stage is permissible, those issues are often inextricably tied to claim construction. Thus, it seems a definitive ruling on eligibility before claim construction is only warranted in narrow circumstances, making such a ruling the exception rather than the rule."[31]

T-Rex contends, first and foremost, that looking the '470 and '334 Patents, the Court can discern sufficiently from the patent specifications and the claims themselves that they are directed to patent-eligible subject matter, under 35 U.S.C § 101 and *Alice*. However, if the Court

---

[27] *See* '470 Patent, col. 6, lines 25-29; '334 Patent, col. 7, lines 53-56.
[28] *TQP Developments*, Exhibit E to T-Rex's Response, at 14; *see* T-Rex Response at 14.
[29] See Fairway's Reply at 8.
[30] *See Certified Measurement, LLC v. Centerpoint Energy Houston Electric LLC*, 2015 U.S. District LEXIS 39821, at 4 (E.D. Tex. Mar. 29, 2015).
[31] *Id*.

disagrees that it can conclusively hold T-Rex's patent eligible as a matter of law at this stage of the case, then the wisdom of *Certified Measurement* comes to into play. The burden of proof is on Fairway, and at the very least, T-Rex should be afforded the opportunity to develop a record on the contested underlying fact issues, as well as the on proper construction of disputed claim terms, before any ruling can be made here against T-Rex on the patent-eligibility of its claims.

Dated: 3 August 2015

Respectfully submitted,

*/s/ Steven R. Daniels*

Steven R. Daniels
TX I.D. 24025318
E-mail: sdaniels@farneydaniels.com
FARNEY DANIELS P.C.
800 S. Austin Ave.
Suite 200
Georgetown, TX 78626
Tel.: (512) 582-2828
Fax: (512) 582-2829

*Attorneys for Plaintiff*
*T-Rex Property AB*

**CERTIFICATE OF SERVICE**

I hereby certify that on 3 August 2015, I electronically filed the foregoing filing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Steven R. Daniels*

Steven R. Daniels